UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re COURTNEY NICOLE THOMPKINS,[1]

Debtor.
_____________________________________/

COURTNEY NICOLE THOMPKINS,

Appellant,

Case No. 2:26-cv-13183

v.

Honorable Susan K. DeClercq
United States District Judge

CASA DORADO VENTURES, LLC,

Appellee.
_____________________________________/

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 3), SUMMARILY DISMISSING THE APPEAL (ECF No. 1), AND DENYING APPELLANT'S EMERGENCY MOTIONS AS MOOT (ECF Nos. 4; 8; 10; 11)**

Appellant Courtney Nicole Thompkins, proceeding *pro se*, appeals the bankruptcy court's order denying her request for temporary relief regarding state eviction proceedings. ECF No. 1. She has also applied to proceed *in forma pauperis* ("IFP"). ECF No. 3. About two weeks after filing her notice of appeal, Thompkins moved for emergency relief to stay the state eviction proceedings pending resolution of her appeal. ECF No. 4. She then proceeded to file several "supplemental

---

[1] Thompkins has inconsistently spelled her name in her filings before this Court and the Bankruptcy Court. This Court uses "Thompkins" throughout as it appears the more predominant spelling.

emergency motions." ECF Nos. 8; 10; 11. The IFP application supports her claim of poverty, so it will be granted.[2] *See Flowers v. Nat'l City Bank*, 872 F.2d 1025, 1025 (6th Cir. 1989) (Table). But as explained below, her appeal will be summarily dismissed because it does not satisfy the requirements for leave to file an interlocutory appeal, and her other pending motions will be denied as moot.

## I. BACKGROUND

Thompkins's appeal emerges from a quagmire of proceedings across at least five courts. *See* ECF No. 4 at PageID.14–15 (referring to active proceedings in this Court, the 36th District Court, the Wayne County Probate Court, the Michigan Court of Appeals, and the United States Bankruptcy Court for the Eastern District of Michigan). Her litany of lawsuits all appear to center on a disputed estate transfer of a residential property. *See generally id.* at PageID.15.

Most relevant to this Court is Thompkins's ensuing landlord-tenant dispute with Appellee Casa Dorado Ventures, LLC ("CDV"), who initiated eviction proceedings in June 2026 in state court against Thompkins and other tenants of the

---

[2] This Court observes that the bankruptcy court did not provide any certification in writing that Thompkins's appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Therefore, this Court may exercise its discretion to waive the filing fee. *Cf. Scott v. City of Hamtramck, Treasurer*, No. 18-13096, 2019 WL 11316694, at *1 (E.D. Mich. Mar. 6, 2019) (denying IFP because the bankruptcy court denied the appellant's motion to waive the appeal fee after finding that an appeal would be frivolous and not in good faith); *see In re Nadolski*, No. 12-11225, 2012 WL 3553878, at *1 (E.D. Mich. Aug. 17, 2012) (allowing an appellant to proceed IFP on his appeal of a bankruptcy court decision).

residential property. *See id.* at PageID.14; *see also id.* at PageID.22 (showing Register of Action in *Casa Dorado Ventures LLC v. All Occupants at 18727 Avon Ave., Detroit, MI 48219*, Case No. 26349560 (36th Dist. Ct.) (hereafter "*Eviction Case*")).

On July 14, 2026, Thompkins filed for Chapter 7 bankruptcy. *See In re Thompkins*, No. 26-47819 (Bankr. E.D. Mich.) (hereafter "*Bankruptcy Case*"), ECF No. 1. Two days later, the state court entered a consent judgment, requiring occupants of a building—including Thompkins—to vacate by mid-August. *Bankruptcy Case*, ECF No. 35; *see also* ECF No. 4 at PageID.23. Thompkins then filed several motions in state court, seeking to stay enforcement of the judgment or to set aside the "judgment as void for violation of the automatic bankruptcy stay," which the state court denied. ECF No. 4 at PageID.24–25.

On the day of the deadline to vacate the building, Thompkins filed an emergency motion in the bankruptcy court to temporarily stay any eviction efforts pending a hearing and determination on whether an automatic stay applies under 11 U.S.C. § 362. *Bankruptcy Case*, ECF No. 35. The bankruptcy court granted Thompkins's motion by setting a hearing and prohibiting CDV "from proceeding with any eviction action until further order of the Court." *Bankruptcy Case*, ECF No. 40. Later, the bankruptcy court issued an order "adjourning [the] hearing and granting interim relief for automatic stay," ordering that "[i]n the interim, the

automatic stay is reinstated and shall apply to [the] property" at issue. *Bankruptcy Case*, ECF No. 47 (capitals omitted).

On August 31, 2026, the bankruptcy court held a hearing and orally denied the motion for a temporary restraining order ("TRO").[3] *See generally Bankruptcy Case* (showing a disposition on the docket of "no stay in place" on August 31, 2026); *see also* ECF No. 4 at PageID.14 (recounting that the bankruptcy court "verbally determined that no stay protects [Thompkins]'s possessory interest, permitting state court eviction proceedings to advance"). Thompkins immediately filed an emergency motion for reconsideration and for a temporary stay pending reconsideration, which the bankruptcy court denied. *Bankruptcy Case*, ECF Nos. 57; 62; 64; *see also* ECF No. 1 at PageID.4, 6. In its order denying her motion for reconsideration, the bankruptcy court stated that it found no palpable defect in its decision that denied her "motion and lifted the stay." *Bankruptcy Case*, ECF No. 64. On September 2, 2026, Thompkins filed a notice of appeal of the bankruptcy court's order denying her motion for a TRO. ECF No. 1.

Two days later, the state court entered an order of eviction, which, Thompkins asserts, "is now outstanding and subject to execution at any time." ECF No. 4 at

[3] Although not explicitly labeled as a TRO, it is clear this is what Thompkins sought, given the title of her motion. *See Bankruptcy Case*, ECF No. 35 (titling her motion "Debtor's Emergency Motion for Expedited Hearing and Temporary Relief to Preserve the Status Quo Pending Determination of the Automatic Stay").

PageID.14; *see also id.* at PageID.25. On September 10, 2026, Thompkins moved in state court for emergency relief to stay the eviction. *See Eviction Case*, ECF No. 4 at PageID.26. And on September 15, 2026, she filed a similar motion before this Court, requesting a stay of "all state court eviction proceedings, writ executions, and property transfers . . . pending the final resolution of this appeal." ECF No. 4 at PageID.13. She subsequently filed three "supplemental emergency motions." ECF Nos. 8; 10; 11.

## II. STANDARD OF REVIEW

District courts may function as appellate courts when reviewing decisions of the bankruptcy court. 28 U.S.C. § 158. On appeal, this Court reviews the bankruptcy court's legal conclusions *de novo*, its factual findings for clear error, and improper applications of law or fact for an abuse of discretion. *In re Wingerter*, 594 F.3d 931, 935–36 (6th Cir. 2010); *In re Baum*, 677 B.R. 346, 351–52 (E.D. Mich. 2025) (citing *B-Line, LLC v. Wingerter*, 594 F.3d 931, 935–36 (6th Cir. 2010)); *In re Gasel Transp. Lines, Inc.*, 326 B.R. 683, 685 (6th Cir. BAP 2007).

## III. DISCUSSION

In this case, Thompkins filed a timely notice of appeal of the bankruptcy court's order denying her TRO. *See* ECF No. 1 at PageID.4; *see also* FED. R. BANKR. P. 8002(a). Because Thompkins proceeds *pro se*, her filings are "held to less stringent standards than formal pleadings drafted by lawyers" and must be liberally

construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Because her appeal is interlocutory and she did not seek leave to appeal, this Court liberally construes her notice of appeal as a motion for leave to appeal. But this Court ultimately finds that she has not satisfied the high threshold to be granted leave. Therefore, this Court will dismiss her appeal and deny her motions as moot.

For interlocutory appeals from bankruptcy court, district courts have jurisdiction when the appellant seeks leave of the court. 28 U.S.C. § 158(a)(3); *see In re Brentwood Golf Club, L.L.C.*, 329 B.R. 239, 242 (E.D. Mich. 2005). A motion for leave to appeal "must include: (A) the facts needed to understand the question presented; (B) the question itself; (C) the relief sought; (D) the reasons why leave to appeal should be granted; and (E) a copy of the interlocutory order or decree and any related opinion or memorandum." FED. R. BANKR. P. 8004(b)(1).

If an appellant "fails to move for leave to appeal but timely files a notice of appeal, the district court may grant leave to appeal, or deny leave but in doing so shall consider the notice of appeal as a motion for leave to appeal." *Thompson v. Crafton*, No. 1:06-CV-184, 2007 WL 2229565, at *3 (W.D. Ky. Aug. 1, 2007); *see also In re Eggleston Works Loudspeaker Co.*, 253 B.R. 519, 521 (6th Cir. BAP 2000) ("If an order is interlocutory, and no motion for leave to appeal has been filed, the panel may consider a timely notice of appeal to be a motion for leave."). Despite the

authority to consider motions for leave to appeal, the Federal Rules of Bankruptcy Procedure and Section 158 do not provide direction for district courts to determine whether to grant such motions. *In re Brentwood*, 329 B.R. at 242. Thus, "[g]enerally, district courts have adopted the standard set for in 28 U.S.C. § 1292(b)" to make such determinations. *Id.*; *see also In re Eggleston*, 253 B.R. at 521.

Section 1292(b) provides that leave for an interlocutory appeal is appropriate where the interlocutory order "involves a [1] controlling [2] question of law [3] as to which there is substantial ground for difference of opinion and [4] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also In re Wicheff*, 215 B.R. 839, 844 (6th Cir. BAP 1998) (parsing § 1292(b) into four factors). "Review under § 1292(b) should be sparingly granted and then only in exceptional cases." *In re Wicheff*, 215 B.R. at 844 (citation omitted).

Applying these standards to the present matter, this Court finds that Thompkins has not met her burden of showing how her case is "exceptional" to warrant leave to appeal. *See id.*; *see also In re A.P. Liquidating Co.*, 350 B.R. 752, 755 (E.D. Mich. 2006) ("The burden is on the appellant to establish exceptional circumstances that warrant review of an interlocutory order."). Construing her notice liberally, Thompkins appears to argue that the bankruptcy court erred when it found that an automatic stay was not warranted in her case. *See* ECF Nos. 1; 4 at PageID.14

(recounting that the bankruptcy court "verbally determined that no stay protects [her] possessory interest, permitting state court eviction proceedings to advance"). But this does not involve a controlling question of law. *See In re Brentwood*, 329 B.R. at 242–43. Under "§ 1292(b) the term 'question of law' refers to a 'pure' question of law and not just an issue that is free from factual disputes." *Id.* (citing *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 676–77 (7th Cir. 2000) for the proposition "that a 'pure question of law' is one that a court does not need to study the record to determine"). Whether Thompkins has a possessory interest in the building involves a factual dispute, so her appeal does not present a question of controlling law.[4] *See id.*; *see also* 28 U.S.C. § 1292(b).

Additionally, granting leave to appeal would likely do the opposite of materially advancing or "substantially speed[ing] up litigation," because Thompkins asks for *stays* in proceedings. *In re Brentwood*, 329 B.R. at 243 (finding that an immediate appeal would "bog down the litigation," rather than advance it).

---

[4] Although "[a] controlling question of law may regard . . . a stay of the action pending the appeal," Thompkins's motion for a TRO concerned preserving the status quo in the state eviction proceedings pending bankruptcy, not a stay of the bankruptcy action pending appeal. *In re A.P. Liquidating Co.*, 350 B.R. at 755 (internal quotation marks and citation omitted). True, she did file motions to stay the state court proceedings pending the appeal before this Court. *See* ECF Nos. 4; 8; 10; 11. But the requests in these motions were not part of the bankruptcy court's order that is subject to the § 1292(b) factors. And in any event, Thompkins has not provided any argument as to how her appeal presents a controlling question of law. Thus, she has not met her burden for leave to appeal. *See In re A.P. Liquidating Co.*, 350 B.R. at 755.

Finding these three factors[5] weigh against allowing her appeal to proceed, this Court will deny Thompkins leave to appeal the bankruptcy court's order on her TRO, thereby dismissing the appeal. *See id.* at 243–44. Because this Court will dismiss her appeal, Thompkins's emergency supplemental motions to stay the eviction proceedings pending appeal, ECF Nos. 4; 8; 10; 11, will be denied as moot.[6] *In re Grenier*, 430 B.R. 446, 448, 453 (E.D. Mich. 2010) (denying emergency motion for stay pending appeal as moot because the bankruptcy appeal was no longer pending).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Appellant's Application to Proceed Without Prepaying Fees, ECF No. 3, is **GRANTED**;
2. Appellant's Appeal, ECF No. 1, is **DISMISSED**;
3. Appellant's Emergency Supplemental Motions, ECF Nos. 4; 8; 10; 11, are **DENIED AS MOOT**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: November 23, 2026

---

[5] This Court need not consider whether there is a substantial ground for difference of opinion because the "[a]ppellant has not set forth either the first, third or fourth elements required" by § 1292(b). *See In re Brentwood*, 329 B.R. at 243.

[6] Federal Rule of Bankruptcy Procedure 8007 permits stays pending appeal, but because the appeal is no longer pending as of the date of this Order, a stay is not warranted. *See* FED. R. BANKR. P. 8007. Additionally, Thompkins did not conform with the requirements under this Rule, nor can she use her appeal as a backdoor into getting a stay of the state court proceedings. *See* FED. R. BANKR. P. 8007(b).